UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WASHINGTON, | ) | CASE NO.  1:20-cv-01468 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| WARDEN JENNIFER G. BLACK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

Before this Court is Magistrate Judge Jennifer Dowdell Armstrong's Report and

Recommendation ("R&R") (Doc. No. 7), which recommends that the Court deny Petitioner

James Washington's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2554 (Doc. No.

1) and dismiss the claims therein.  Petitioner timely filed objections to the R&R.  (Doc. No. 8.)

For the following reasons, the R&R's recommendation that the Petition for Writ of Habeas

Corpus be denied is ACCEPTED, Petitioner's objections to the R&R are OVERRULED, and the

Petition is DENIED.

## I.  **Background**

After the United States Postal Services discovered a package that contained drugs, it

contacted the Lorain Police Department to coordinate a controlled delivery.  *State v. Washington*,

2018-Ohio-527, 2018 WL 6829212, at *1 (Ohio Ct. App. 2018).[1]  During the controlled delivery,

---

[1] Petitioner has not objected to the R&R's reliance on the state court appellate opinion to
establish the factual record.  (Doc. No. 7 at 568.)  Under the Antiterrorism and Effective Death
Penalty Act of 1998, the facts established in the state courts "shall be presumed to be correct"
unless Petitioner rebuts "the presumption of correctness by clear and convincing evidence."  28

Petitioner received and signed for the package.  *Id.*  The package was addressed to "A. Lee."  *Id.*

A device inside the package alerted law enforcement officers that Petitioner had opened the

package.  *Id.*

After receiving this alert, the officers searched the residence where the package was

delivered.  *Id.*  The residence belonged to Petitioner's aunt.  *Id.* at *2.  Inside, the officers found

the package in a bathtub.  *Id.* at *1.  The package contained a zip-lock bag containing two

smaller zip-lock bags.  *Id.*  The smaller zip-lock bags contained a substance that later tested

positive for cocaine.  *Id.*

 On May 24, 2012, a Lorain County Grand Jury indicted Petitioner with:

(1) Trafficking in Drugs, in violation of R.C. § 2925.03(A)(2), with major drug
offender and forfeiture specifications; (2) Possession of Drugs, in violation of R.C.
§ 2925.11(A), with a major drug offender specification; and (3) Drug Paraphernalia
Offenses, in violation of R.C. § 2925.14(C)(1).

(Doc. No. 7 at 568-69.)[2]  He pleaded not guilty to all charges.  (*Id.* at 569.)

On October 25, 2017, Petitioner was found guilty of Possession of Drugs with the major

drug offender specification and not guilty of the other offenses.  (*Id.*)  At trial, Petitioner's aunt

testified that Petitioner was at her house the day the package was delivered because he had

previously asked her if he could have a present for his girlfriend delivered there.  *Washington*,

2018 WL 6829212, at *2.  As to the major drug offender finding, the Lorain County Drug Lab

forensic drug analyst testified that the substance found in the package weighed 494 grams, 394

grams over the 100-gram requirement for a major drug specification under Ohio Rev. Code §

U.S.C. § 2254(e)(1).  With no effort to rebut the presumption of correctness having been made,
the facts established in the state court proceedings are presumed to be correct.

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

2925.11(C)(4).  (Doc. No. 7 at 589.)  Testimony was also heard regarding the efforts taken to preserve the substance found in the package.  (*Id.* at 590.)

After denying his motions to dismiss the drug offender specification, the court sentenced Petitioner to 11 years in prison.  (*Id.* at 569.)  Petitioner, represented by his trial counsel, filed a direct appeal, arguing that his conviction should be overturned because it was against the manifest weight of evidence.  (*Id.*)  The state court of appeals affirmed the judgment, and the Supreme Court of Ohio declined jurisdiction over his appeal of that decision.  (*Id.* at 569-70.)

With new counsel, Petitioner filed a post-conviction petition on May 22, 2019.  (*Id*. at 570.)  The trial court denied this petition as untimely.  (*Id.*)  Petitioner filed a motion to reconsider this decision, but the trial court denied the motion, and Petitioner did not appeal.  (*Id.*)  The reconsideration motion was denied.  (*Id.*)

On June 29, 2020, Petitioner again obtained new counsel and applied to re-open his appeal, which he supplemented with another application.  (*Id.* at 570-71.)  The appellate court denied his application as untimely, and Petitioner did not appeal this decision to the Ohio Supreme Court.  (*Id.* at 571.)  On November 3, 2020, Petitioner filed a *pro se* motion for reconsideration of the state appellate court's denial of his re-opening application, which was denied.  (*Id.*)

On July 2, 2020, Petitioner filed this writ of habeas corpus.  (Doc. No. 1.)  Petitioner asserts the following grounds for relief:

> **GROUND ONE**: Evidence was insufficient to establish knowing possession.
>
> **GROUND TWO**: Petitioner was denied effective assistance of counsel in violation of federal constitutional rights where appellant was never advised of hiring new counsel.

**GROUND THREE**: Petitioner's conviction and sentence is not supported where the state failed to establish the weight of the substance, artificially enhancing petitioner's conviction and sentence.

**GROUND FOUR**: Petitioner's constitutional rights were violated by the government's improper vouching.

(Doc. No. 1-1 at 19, 21-22, 24.)

In the R&R, the Magistrate Judge recommended that the Court deny the petition.  (Doc. No. 7 at 600.)  The Magistrate Judge determined that although Petitioner procedurally defaulted Grounds One through Four, all procedural defaults were excused.[3]  (*Id.* at 582, 592, 596.)  As for the merits, the Magistrate Judge recommended a finding that Grounds One through Four be dismissed.  (*Id.* at 600.)

## II.  <u>Law and Analysis</u>

### A.  Legal Standard

When objections are made to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a *de novo* review of those portions of the report and recommendation to which a proper objection is made.  28 U.S.C. § 636(b)(1)(C). Thereafter, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[3] Respondent did not object to the R&R's procedural default analysis or conclusion that all procedural defaults were excused.  A district court need not review portions of the R&R on which there are no objections.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[28 U.S.C. § 636] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").  Because the Court adopts the R&R's recommendation as to the merits of the petition, the Court takes no position on whether Petitioner's procedural defaults were all excused.  (*See* Doc. No. 7 at 582, 592, 596.)

4

A general objection – that is, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before" – is not considered a proper objection for the district court's *de novo* review. *Woodson v. Ohio*, No. 1:19-cv-0339, 2022 WL 842240, at *1 (N.D. Ohio Mar. 22, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); *see also* LR 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").  A general objection to an R&R has the same effect as a failure to object in that it waives *de novo* review by the district court and any later appellate review of the district court's decision.  *Aldrich*, 327 F.Supp.2d at 747-48.

The Court's *de novo* review in this instance is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "The writ of habeas corpus is an 'extraordinary remedy' that guards only against 'extreme malfunctions in the state criminal justice system.'"  *Shinn v. Ramirez*, 142 S. Ct. 1718, 1731 (2022) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)).

**B.  Ground One: Insufficient Evidence to Establish Knowledge Element**

Petitioner's first objection is that the R&R erroneously analyzed his due process claim because there was insufficient evidence that he knowingly possessed cocaine.  (Doc. No. 8 at 606-07.)  To Petitioner:

> [s]igning for and opening a package in a bathtub, that appeared to be leaking, is not sufficient evidence to demonstrate that Petitioner knowingly obtained or possessed cocaine.  The fact that [Petitioner] opened a package – that was not addressed to him, at a home – that did not belong to him, that happened to contain cocaine, is not sufficient to prove that his possession of the cocaine was knowing.  Had the package been addressed to [Petitioner], or had it been mailed to his residence, the inference that he knew what is in the package would be greater.  However, under the circumstances in this case, his possession of a package that contained a white powdery substance, that could be anything, calls into question whether he acted knowingly when he opened a package, addressed to another person, in a home that did not belong to him, and was subsequently in possession of the package's illegal contents.  The evidence presented at trial was not sufficient to establish the knowing element, and the Magistrate Judge erred when it concluded that the Ninth District Court of Appeals made a proper determination in this regard.

(*Id.* at 607.)

As the R&R correctly explains, a habeas court will rarely find a criminal conviction violates the Due Process Clause based on insufficiency of the evidence grounds.  (*See* Doc. No. 7 at 583.)  After viewing all evidence in the light most favorable to the prosecution, the habeas court must find that the state appellate court "was unreasonable in *its* conclusion that a rational trier of fact could find [the petitioner] guilty beyond a reasonable doubt based on the evidence at trial." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  In other words, the habeas court must give considerable deference to the fact-finder and the state appellate court reviewing the fact-finder's conviction – this is a nearly "insurmountable hurdle."  *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (quotations and citation omitted); *see also Coleman v. Johnson*, 566 U.S. 650, 651 (2012).  The habeas court, moreover, may not "reweigh the evidence, re-evaluate

6

the credibility of witnesses, or substitute [its] judgment for that of the [fact-finder]." *Konteh*, 567 F.3d at 205.

Here, the R&R correctly concludes that Petitioner has not met his burden of establishing that there is insufficient evidence to prove that he knowingly possessed cocaine.  Petitioner's objection ignores that his aunt testified that Petitioner told her he was at the house to pick up a package for his girlfriend. *Washington*, 2018 WL 6829212, at *2.  This testimony, along with evidence that Petitioner accepted and opened the package containing cocaine, reasonably led the state appellate court to conclude that a reasonable fact finder could find that he went to his aunt's house to pick up a package that he knew contained cocaine. *Id.*  Petitioner's first objection is overruled.

### C.  Ground Two: Ineffective Assistance of Counsel for Failure to Advise of Right to New Appellate Counsel

In his next objection, Petitioner states:

> The Magistrate Judge improperly found that [Petitioner's] trial counsel was not ineffective.  Assuming arguendo, he was not denied the effective assistance of counsel because additional claims he could have raised on appeal were not meritorious, trial/appellate counsel's representation still fell below an objective standard of reasonableness for other reasons.  Aside from his continued representation at trial and on appeal, [Petitioner] was not provided with sound advice about his appellate rights generally, and other collateral proceedings.  Had [Petitioner] received effective counsel from his attorney, he would have filed a timely Post-Conviction petition, and would have lodged appropriate challenges and would have preserved the record regarding his counsel's effectiveness *at all stages*.

(Doc. No. 8 at 608 (emphasis in original).)  There are two reasons why this objection is overruled.

First, parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).  Petitioner attempts to expand the scope of Ground Two in his objection.  The habeas petition provides that Ground

Two is premised on Petitioner's trial counsel's failure to advise him that he had a right to new appellate counsel.  (Doc. No. 1-1 at 21-22.)  Petitioner did not notify the Magistrate Judge that the ground for relief related to his inadequate appellate representation beyond the failure to notify of his right to new counsel.  (*See id.*)

Second, Petitioner ignores the prejudice prong of ineffective assistance of counsel claims. It is black letter law that to succeed on an ineffective assistance of counsel claim, the petitioner must show that "*but for* counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (emphasis added). Petitioner's objection does nothing more than state that effective counsel might have timely raised appropriate challenges on appeal but does not assert that these challenges would have reasonably changed the outcome.  *See Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005) (noting that *Strickland* in the appellate context requires the petitioner to prove that "inclusion of the [challenge] would have changed the result of the appeal.").  In fact, the Magistrate Judge explicitly looked past his counsel's purported mishandling of the appeal and found that arguments that allegedly could have been raised on appeal all lacked merit.  (Doc. No. 7.)  There is no evidence that Petitioner was prejudiced by ineffective appellate representation. Accordingly, Petitioner's objection is overruled.

### D.  Ground Three: Ineffective Assistance of Counsel for Failure to Raise Sufficiency of Evidence Challenge to Evidence Establishing Weight of Drugs

Petitioner's final objection is that the R&R did not consider his contention that he received ineffective assistance of counsel when trial counsel did not file an Ohio Rule of Criminal Procedure 29 motion challenging the evidence establishing that the cocaine weighed over 100 grams.  (Doc. No. 8 at 607-08.)  Again, Petitioner fails to assert prejudice.  *Strickland*, 466 U.S. at 694.  Petitioner's disagreement with his lawyer's decision to not file a Rule 29

8

motion does not move the needle; he must prove that this motion would have had sufficient merit to question the results of his proceeding.  *Strickland*, 466 U.S. at 694.  The R&R explains that such a motion would have been meritless because the state produced substantial testimony that it properly preserved and tested the cocaine.  (Doc. No. 7 at 587-90.)  His objection does not direct this Court to any other evidence that could have caused the state court to disregard the prosecution's evidence and grant the Rule 29 motion.  The objection is thus overruled.

### III. <u>Conclusion</u>

Petitioner's objections to the R&R are hereby overruled.  The R&R's merits analysis and recommendation to dismiss are hereby ACCEPTED.  Petitioner's objections are OVERRULED.  The petition is hereby DENIED, and this matter is DISMISSED.  The Court certifies that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

Additionally, pursuant to Fed. R. Civ. P. 25(d), the name of the present warden automatically replaces that of former warden Kimberly Clipper.  Any future filings should reflect the name of current warden Jennifer G. Black.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: September 19, 2023

9